## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JIMMIE NEWTON, JR.** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GREDE II, LLC,** )<br>)<br>Defendant. )<br>)<br>_____ )<br>) | CASE NO.: 2025-cv-00167 |

### COMPLAINT

Plaintiff Jimmie Newton, Jr. (referred to herein as "Plaintiff") brings this action against Defendant Grede II, LLC. ("Defendant" or "Grede") Plaintiff seeks relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201, et seq. for the claims described herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Jimmie Newton, Jr. is an individual who has been employed by Grede to work at its facility in Escambia County, Alabama at all times since March, 2022. Plaintiff resides in Century, Florida.

4. Grede is a foreign limited liability company registered to do business in Alabama. Grede is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit. Its

1

registered agent for service of process in Alabama is CT Corporation System, 2 North Jackson Street Suite 605, Montgomery, Alabama 36104.

5. At all material times to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA. It manufactures products including, among others, automotive parts.

6. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

7. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

8. Plaintiff performed work for Defendant in Escambia County, Alabama as a nonexempt, hourly, manufacturing "Employee" of Defendant as "Employee" is defined by § 203(e)(1) of the FLSA. All the factual allegations set out herein pertain to practices of Defendant at its Escambia County, Alabama facility.

9. Except as otherwise stated the following allegations describe facts since March, 2022.

## FACTS

10. Throughout his employment since March, 2022 Plaintiff was regularly scheduled to work more than 40 hours. The number of regularly scheduled shifts, and the length of regularly scheduled shifts, in each week varied over time. He also worked additional shifts as required. Ultimately worked more than 40 hours in approximately 90% of the weeks he was employed. The

remaining weeks would include dates he was absent, on vacation, etc. His rates of pay during this time ranged from $16.46 - $21.01 / hour with higher rates for some shift times.

11. For overtime (and regular) pay calculation purposes the Defendant began paying for time at the end of what Defendant called a "grace period" during which employees could clock in.

12. Plaintiff was expected to, and usually did, clock in during the "grace period." Clocking in after that time was considered tardiness subject to discipline. Promptly after clocking in Plaintiff was expected to, and did, perform work activities. Those included meeting with the departing shift employee for "shift relief," performing core work activities, and receiving work assignments. He also, on occasion, clocked in before the "grace period" and performed compensable work activities.

13. Generally speaking, Defendant did not document when arriving Employees like Plaintiff began their work activities except that some attendance records of meetings were made

14. For a typical shift, Plaintiff would only be paid for about .25 hours less that the amount of time he was entitled to be paid under the FLSA. In a typical week, therefore, Plaintiff was not paid for all of the time worked in excess of 40 hours at a rate of 1.5 time a regular rate.

15. For pay purposes, Defendant rounded down and / or disregarded the times recorded on time-clocks that Plaintiff clocked in and clocked out and as a default practice reduced the time it paid for.

16. Since at least 2009, the regulations promulgated pursuant to the FLSA allowed for "rounding" of time recorded on time clocks up to 7 minutes of unpaid work but only if time is also rounded in the employee's favor to pay for time that is not otherwise compensable and only if the

arrangement "averages out so that the employees are fully compensated for the time they actually worked." 29 CFR § 785.48(b).

17. Defendant's time records show the exact time that Plaintiff clocked in and out.

19. At all times during the three years preceding the filing of this civil action Defendant's rounding arrangements and / or formulaic calculations for the amount of time that it paid averaged out so that the Plaintiff was not fully compensated for the time in excess of 40 hours a week he actually worked.

20. Defendant failed to pay Plaintiff for all of the compensable overtime worked each workweek in which they worked in excess of 40 hours.

21. Plaintiff should have been paid for all hours of compensable work in excess of 40 hours in a single week at a rate of 1.5 multiplied by a properly calculated regular hourly rate. He was not.

22. Defendant's failure to pay Plaintiff overtime pay to which he is entitled under the FLSA as alleged herein was willful, intentional, unreasonable, and not in good faith as those terms are construed in connection with the FLSA.

## COUNT I
(Violations of the FLSA)

23. All preceding allegations are incorporated as though fully set forth herein.

24. Plaintiff is an Employee fully entitled to the FLSA's protections.

25. Defendant is an employer covered by the FLSA.

26. The FLSA entitles employees to pay at 1.5 times the employee's regular hourly rate for hours worked in excess of 40 hours a week. 29 U.S.C. § 207(a) with the regular hourly rate calculated on the basis of a 168 hour fixed, recurring period designated by the Employer.

27. By failing to pay overtime at 1.5 times the regular hourly rate for all compensable hours worked in excess of 40 hours in a work week, Defendant violated the FLSA's overtime pay mandate.

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

29. Plaintiff is entitled to recover for unpaid and underpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief cumulatively and / or in the alternative:

A. An order directing Defendant, at its own expense, to investigate and account for the number of compensable hours actually worked by Plaintiff, and the hourly rates for each hour worked, the amount(s) paid for overtime for each workweek, and the rates of overtime pay.

B. Judgment for damages under the FLSA for all unpaid and/or underpaid and/or late paid overtime compensation under the FLSA 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

C. Judgment for liquidated damages pursuant to FLSA 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.* in an amount equal to all compensation owed to Plaintiff under the FLSA for unpaid, underpaid, or late paid overtime compensation during the applicable statutory period.

D. Judgment for any and all civil penalties to which Plaintiff may be entitled.

E.  Judgment for reasonable attorneys' fees and all costs connected with this action.

F.  Such other and further relief as to this Court may deem necessary, just, and proper.

        Respectfully Submitted.

        DAVIS, DAVIS AND ASSOCIATES, P.C.
        By: /s/ *Ian D. Rosenthal*
        Ian D. Rosenthal – ROSEI6905
        27180 Pollard Road
        Daphne, AL 36526
        Telephone: (251) 621-1555
        Email: ian@ddalawfirm.com

**DEFENDANT WILL BE SERVED VIA**

**ITS COUNSEL WHO HAS AGREED TO ACCEPT SERVICE:**

Brett Adair
Adair Law Firm, LLC
1200 Corporate Drive, Suite 107
Birmingham, AL 35242
Brett@adair-law.com